SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X
CAROLYN KENNY,

                           Plaintiff(s),                Index No.: 609267/2021

        -against-

WALMART and WAL-MART STORES, INC.,

                           Defendant(s).
-----------------------------------------------------------------X
## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  **The benefits of participating in e-filing include:**

  - Serving and filing your documents electronically

  - Free access to view and print your e-filed documents

  - Limiting your number trips to the courthouse

  - Paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**
- Visit: **www.nycourts.gov/efile-unrepresented** or
- Contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

Information for Attorneys
(E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) Immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile; or

2) File the Notice of Op-Out form with the clerk of the court where this action is pending and serve on all parties.  Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment [Section 202.5-bb(c)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail efile@nycourts.gov )

Dated: 7/22/2021

_____ (Name)
Gruenberg Kelly Della    (Firm)
700 Koehler Avenue     (Address)
Ronkonkoma, NY 11779
631-737-4110          (Phone)
631-737-4155          (Fax)
info@gknylaw.net     (E-Mail)
Attorney(s) for      Plaintiff(s)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

Index No.:
Date Purchased:

-------------------------------------------------------------------X

CAROLYN KENNY,

**E-FILED SUMMONS**

                      Plaintiff(s),

Plaintiffs designate Nassau
County as the place of trial.

    -against-

The basis of venue is:
Plaintiff's Residence

WALMART and WAL-MART STORES, INC.,

                      Defendant(s).

Plaintiffs reside at:
31 5th Avenue, 1st Floor
Westbury, NY 11590
County of Nassau

-------------------------------------------------------------------X

**To the above named Defendants:**

     **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Ronkonkoma, New York
      July 21, 2021

                              SEAN KELLY
                              Gruenberg Kelly Della
                              700 Koehler Avenue
                              Ronkonkoma, New York 11779
                              631-737-4110
                              Our File No. 190401

TO:

      Walmart
      1220 Old Country Road
      Westbury, NY 11590

      Wal-Mart Stores, Inc.
      c/o CT Corporation Systems
      111 8th Avenue
      New York, NY 10011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
--------------------------------------------------------------------X
CAROLYN KENNY,

Index No.:

                              Plaintiff(s),

**E-FILED VERIFIED
COMPLAINT**

        -against-

WALMART and WAL-MART STORES, INC.,

                              Defendant(s).
--------------------------------------------------------------------X

Plaintiffs, by their attorneys, GRUENBERG KELLY DELLA, complaining of the Defendants, respectfully allege, upon information and belief:

1.     That at all times herein mentioned, plaintiffs were, and still are, residents of the County of Nassau, State of New York.

2.     That the cause of action alleged herein arose in the State of New York, County of Nassau.

3.     That this action falls within one or more of the exemptions set forth in CPLR §1602.

4.     That at all times hereinafter mentioned and upon information and belief, defendant, WALMART, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

5.     That at all times hereinafter mentioned and upon information and belief, defendant, WAL-MART STORES, INC., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

6.     That at all times hereinafter mentioned and upon information and belief, defendant, WALMART, was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

7.     That at all times hereinafter mentioned and upon information and belief, defendant, WAL-MART STORES, INC., was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

2

8.    That at all times hereinafter mentioned and upon information and belief, defendant, WALMART, was and still is a business authorized to conduct business under and by virtue of the Laws of the State of New York.

9.    That at all times hereinafter mentioned and upon information and belief, defendant, WAL-MART STORES, INC., was and still is a business authorized to conduct business under and by virtue of the Laws of the State of New York.

10.   That on June 28, 2019, and at all times herein mentioned, defendant, WALMART, owned the premises located at 1220 Old Country Road, Westbury, NY.

11.   That on June 28, 2019, and at all times herein mentioned, defendant, WAL-MART STORES, INC., owned the premises located at 1220 Old Country Road, Westbury, NY.

12.   That on June 28, 2019, and at all times herein mentioned, defendant, WALMART, operated the aforesaid premises.

13.   That on June 28, 2019, and at all times herein mentioned, defendant, WAL-MART STORES, INC., operated the aforesaid premises.

14.   That on June 28, 2019, and at all times herein mentioned, defendant, WALMART, maintained the aforesaid premises.

15.   That on June 28, 2019, and at all times herein mentioned, defendant, WAL-MART STORES, INC., maintained the aforesaid premises.

16.   That on June 28, 2019, and at all times herein mentioned, defendant, WALMART, managed the aforesaid premises.

17.   That on June 28, 2019, and at all times herein mentioned, defendant, WAL-MART STORES, INC., managed the aforesaid premises.

18.   That on June 28, 2019, and at all times herein mentioned, defendant, WALMART, controlled the aforesaid premises.

19.    That on June 28, 2019, and at all times herein mentioned, defendant, WAL-MART
       STORES, INC., controlled the aforesaid premises.

20.    That on June 28, 2019, and at all times herein mentioned, defendant, WALMART, repaired
       the aforesaid premises.

21.    That on June 28, 2019, and at all times herein mentioned, defendant, WAL-MART
       STORES, INC., repaired the aforesaid premises.

22.    That on June 28, 2019, and at all times herein mentioned, defendant, WALMART,
       inspected the aforesaid premises.

23.    That on June 28, 2019, and at all times herein mentioned, defendant, WAL-MART
       STORES, INC., inspected the aforesaid premises.

24.    That on June 28, 2019, and at all times herein mentioned, defendant, WALMART, was the
       lessee of the premises located at 1220 Old Country Road, Westbury, NY.

25.    That on June 28, 2019, and at all times herein mentioned, defendant, WAL-MART
       STORES, INC., was the lessee of the aforesaid premises.

26.    That on June 28, 2019, and at all times herein mentioned, defendant, WALMART, was the
       lessor of the premises located at 1220 Old Country Road, Westbury, NY.

27.    That on June 28, 2019, and at all times herein mentioned, defendant, WAL-MART
       STORES, INC., was the lessor of the aforesaid premises.

28.    That on June 28, 2019, and at all times herein mentioned, an unsafe and hazardous
       condition existed on or about the aforesaid premises.

29.    That on June 28, 2019, and at all times herein mentioned, defendant, WALMART, caused
       this unsafe and hazardous condition.

30.    That on June 28, 2019, and at all times herein mentioned, defendant, WAL-MART
       STORES, INC., caused this unsafe and hazardous condition.

31.   That on June 28, 2019, and at all times herein mentioned, defendant, WALMART, created this unsafe and hazardous condition.

32.   That on June 28, 2019, and at all times herein mentioned, defendant, WAL-MART STORES, INC., created this unsafe and hazardous condition.

33.   That upon information and belief, defendant, WALMART, had actual notice of this unsafe and hazardous condition.

34.   That upon information and belief, defendant, WAL-MART STORES, INC., had actual notice of this unsafe and hazardous condition.

35.   That upon information and belief, defendant, WALMART, had constructive notice of this unsafe and hazardous condition.

36.   That upon information and belief, defendant, WAL-MART STORES, INC., had constructive notice of this unsafe and hazardous condition.

37.   That on June 28, 2019, plaintiff, CAROLYN KENNY, was lawfully present on or about the aforesaid premises.

38.   That on June 28, 2019, plaintiff, CAROLYN KENNY, was lawfully present on the aforesaid premises with the knowledge, permission and consent of the defendants.

39.   That on June 28, 2019, while plaintiff, CAROLYN KENNY, was lawfully present on the aforesaid premises, plaintiff was caused to slip and fall.

40.   That on June 28, 2019, plaintiff, CAROLYN KENNY, was caused to slip and fall due to the abovementioned unsafe and hazardous condition.

41.   That as a result of the plaintiff, CAROLYN KENNY, slipping and falling, plaintiff was caused to sustain severe and permanent injuries.

42.   That thee above mentioned occurrence and the results thereof were caused by the negligence of the defendants and/or said defendants' servants, agents, employees and/or licensees in the ownership, operation, management, maintenance, repair, inspection and

5

control of the aforesaid premises.

43. That no negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

44. That because of the unsafe and hazardous condition that existed at the above stated premises, plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; as a result of said injuries plaintiff was caused and will continue to be caused to incur expenses for medical care and attention; and plaintiff was and will continue to be rendered unable to perform plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

45. That as a result of the foregoing, plaintiff, CAROLYN KENNY, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

**WHEREFORE,** Plaintiff demands judgment against the Defendants in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Ronkonkoma, New York
July 21, 2021

Yours, etc.

SEAN KELLY
Gruenberg Kelly Della
700 Koehler Avenue
Ronkonkoma, New York 11779
631-737-4110
Our File No. 190401

Case 2:21-cv-06033-GRB-JMW   Document 1-1   Filed 10/29/21   Page 9 of 14 PageID #: 12

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK
COUNTY OF SUFFOLK          SS.:

_Carolyn Kenny_____ being duly sworn deposes and says:

I am the plaintiff(s) herein;  I have read the annexed

_____Summons and Complaint_____

and know the contents thereof and the same are true to my knowledge, except for those matters

therein which are stated to be alleged on information and belief, and as to those matters, I believe

them to be true.

x _Carolyn Kenny_

Sworn to before me this
21 day of July , 20 21

_Notary Public_

JANEEN RUSSO
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01RU6411442
Qualified in SUFFOLK County
Commission Expires 11/23/20

INDEX NO. 609267/2021
RECEIVED NYSCEF: 08/16/2021

WM 21-454 TO
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

--------------------------------------------------------------------X

CAROLYN KENNY,                                    **Index No.: 609267/2021**

                     Plaintiff,

         -against-                                **<u>VERIFIED ANSWER</u>**

WALMART and WAL-MART STORES, INC.,

                     Defendant(s).

--------------------------------------------------------------------X

         The defendant, WAL-MART STORES EAST, LP i/s/h/a "WALMART AND

WAL-MART STORES, INC.", by its attorneys, BRODY O'CONNOR & O'CONNOR,

answering the Verified Complaint herein states upon information and belief:

         1: Defendant denies having knowledge or information sufficient to form a

belief as to the allegations set forth in paragraphs marked "1" and "2" and each and every

part thereof.

         2: Defendant denies having knowledge or information sufficient to form a

belief as to the allegations set forth in paragraph marked "3" and refers all questions of law

to the trial court.

         3: Defendant denies the allegations set forth in paragraphs marked "4", "5",

"6" and "7" and each and every part thereof.

         4: Defendant denies the allegations set forth in paragraphs marked "8" and

"9" except admits that WAL-MART STORES EAST, LP is a foreign limited partnership

registered to do and doing business in the State of New York.

         5: Defendant denies the allegations set forth in paragraphs marked "10" and

"11" and each and every part thereof.

Case 2:21-cv-06032-GRB-JMW   Document 1-1   Filed 10/29/21   Page 11 of 14 PageID #: 14

6: Defendant denies the allegations set forth in paragraphs marked "12" and "13" except admits that WAL-MART STORES EAST, LP is the operator of the subject Walmart store.

7: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "14", "15", "16", "17", "18", "19", "20", "21", "22" and "23" and refers all questions of law to the trial court.

8: Defendant denies the allegations set forth in paragraphs marked "24" and "25" except admits that WAL-MART STORES EAST, LP is a sublessee of that portion of the premises comprising the subject Walmart store.

9: Defendant denies the allegations set forth in paragraphs marked "26" and "27" and each and every part thereof.

10: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "28", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40" and "41" and each and every part thereof.

11: Defendant denies the allegations set forth in paragraph marked "42" and each and every part thereof.

12: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "43", "44" and "45" and each and every part thereof.

INDEX NO. 609267/2021
RECEIVED NYSCEF: 08/16/2021

Case 2:21-cv-06032-GRB-JMW   Document 1-1   Filed 10/29/21   Page 12 of 14 PageID #: 15

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

13: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

14: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages was caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

15: Plaintiff's recovery, if any shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST, LP I/S/H/A "WALMART AND WAL-MART STORES, INC.", requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
August 13, 2021

Yours, etc.

Case 2:21-cv-06032-GRB-JMW Document 1-1 Filed 10/29/21 Page 13 of 14 PageID #: 16

BRODY O'CONNOR & O'CONNOR
Attorneys for Defendant

By: _____

PATRICIA A. O'CONNOR
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778
File No.: WM 21-454 TO

TO:     Gruenberg Kelly Della
        Attorneys for Plaintiff
        700 Koehler Avenue
        Ronkonkoma, New York 11779
        (631) 737-4110

Case 2:21-cv-06032-GRB-JMW Document 1-1 Filed 10/29/21 Page 14 of 14 PageID #: 17
INDEX NO. 609267/2021
RECEIVED NYSCEF: 08/16/2021

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The ground of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences has with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
      August 13, 2021

_____
PATRICIA A. O'CONNOR